UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERTRUDE KELLEY,

                              Plaintiff,

                  -against-

WESTCHETER COUNTY FAMILY COURT
ARCHIVES OF CHILD/SPOUSAL SUPPORT
RE: CHARLES H. KELLEY (DECEASED
DEFENDANT), et al.,

                              Defendants.

23-CV-7519 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question

jurisdiction, 28 U.S.C. § 1331. By order dated August 25, 2023, the Court granted Plaintiff's

request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons

set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction, with

30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

This action arises from Plaintiff's family court matter involving Plaintiff's deceased ex-husband, Charles H. Kelley, which was commenced in December 1970, in Westchester County Family Court ("Family Court").[1] Plaintiff, who is a resident of New York, sues the Family Court and seeks "punitive damages in conjunction to/all o/s [order of support] child support arrears/spousal support[.]"[2] (ECF 1, at 5.) She names as Defendants: the Family Court; Plumbers

---

[1] Plaintiff states that her claims commenced in 1970, but she also provides a state-court docket number, #F-879-67, which suggests the Family Court proceedings commenced in 1967. (*See* ECF 1, at 2.)

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original, unless noted otherwise.

& Pipefitters National Pension Fund ("Plumbers Pension Fund"), which is located in Virginia; "Helen J. Miller-Thomas-Kelley-Christopher," who resides in Tennessee and appears to be Plaintiff's deceased husband's wife, whom he married after he and Plaintiff divorced; U.A. Local #21, Plumbers & Pipefitters, located in New York; Weitz & Luxenberg, P.C., a New York law firm; the Westchester County Bar Association; the Westchester/Putnam Legal Aid Society; and the Westchester County Department of Social Services.

The following facts are drawn from the complaint. "The damages that snowballed since my divorce to Charles H. Kelley (deceased defendant) has had a domino effect in the lives of my family." (*Id.*) Plaintiff's two children with Kelley "were listed in my divorce proceedings and child support proceedings." (*Id.*) Plaintiff describes her financial circumstances and how her divorce affected her two children:

> I am at a financial hardship & have been since my divorce, left open in abeyance. My eldest daughter . . . is now deceased since 2014. Her death as a result of a 30 year illness has had a profound affect on me and herself as a result also of o/s child support. . . . My [other] daughter . . . has suffered . . . as a result of this union.

(*Id.* at 6.)

In the injury section of Plaintiff's complaint, she states, "I had a horrible marriage . . . [w]omen had out of wedlock babies during my marriage." (*Id.*) She seeks an order from this Court directing "Defendants to pay all the o/s arrears according to the dates listed on child support/spousal/divorce proceedings with C.O.L.A. increase and emotional damage suffered since the marriage." (*Id.*) She asserts "the reason for the delay is I was working as sole provider for my kids. I retired about 1998 which was the same time Mr. Kelley claims his fatal illness & retired also." (*Id.*)

**DISCUSSION**

The subject matter jurisdiction of the federal district courts is limited and is set forth

generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available

only when a "federal question" is presented or when plaintiff and defendant are citizens of

different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is

common ground that in our federal system of limited jurisdiction any party or the court *sua*

*sponte*, at any stage of the proceedings, may raise the question of whether the court has subject

matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark*

*Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc.*

*v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P.

12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court

must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)

("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under

federal law if the complaint "establishes either that federal law creates the cause of action or that

the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting

*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of

federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal

subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-

89 (2d Cir. 1996). Plaintiff invokes this Court's federal question jurisdiction, but any claims

regarding her support payments arise under state law. The complaint otherwise does not suggest

that this action concerns Plaintiff's constitutional rights or rights under any federal law. The Court therefore lacks federal question jurisdiction of her claims.[3]

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State.").

For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as the place where a person "has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* A corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," § 1332(c)(1), and a limited liability company ("LLC"), a limited partnership ("LLP"), or other unincorporated entity possesses the citizenship of each of its members, *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters); *Bayerische Landesbank v. Aladdin Cap. Mgmt.*

---

[3] Plaintiff names as a defendant her ex-husband's pension fund, Plumbers Pension Fund, located in Virginia, but she does not state any facts suggesting that this action seeks to recover any benefits from that fund. Generally, a claim seeking benefits from an employer's pension fund is brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1133. The proper venue for an ERISA claim is "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2).

*LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (a limited liability company (LLC) "takes the citizenship of each of its members" for diversity purposes).

In addition, for a court to exercise diversity jurisdiction, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff, who resides in New York, names several New York Defendants.[4] Because the parties are not from different states, the Court cannot exercise diversity jurisdiction of Plaintiff's state law claims. Even if the parties were diverse, and the amount in controversy exceeded $75,000, the Court cannot exercise jurisdiction of Plaintiff's claims regarding her support arrears under the domestic relations exception recognized by the Supreme Court in *Ankenbrandt v. Richards*, 504 U.S. 689 (1992). This exception to a federal court's diversity jurisdiction applies "where a federal court is asked to grant a divorce or annulment, determine support payments, or award custody of a child." *Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) (relying on *Barber v. Barber*, 62 U.S. 582, 584 (1859)). Plaintiff's claims regarding her support payments fall squarely within the domestic relations exception to the Court's diversity jurisdiction; she asks this Court to order Defendants to pay her the arrears she alleges she is owed. Because this Court lacks jurisdiction to order Defendants to pay Plaintiff any arrears that she claims she is owed, the Court lacks subject matter jurisdiction of this action.

---

[4] Plaintiff names the Family Court, which cannot be sued in federal court. *Goldberg v. Roth*, No. 99-CV-11591, 2001 WL 1622201, at *4 (S.D.N.Y. Dec. 17, 2001) ("New York state courts are immune from suit under the Eleventh Amendment." (citations omitted)).

**LEAVE TO AMEND**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Moreover, a district court should allow a *pro se* plaintiff an opportunity to amend a complaint in order "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987).

Here, the Court grants Plaintiff 30 days' leave to replead. Although the Court lacks jurisdiction of Plaintiff's support claims, if she intends to bring other claims, unrelated to the proceedings in Family Court, she may file an amended complaint to assert those claims. If those claims arise under state law, she must "drop any nondiverse defendants whose presence would defeat diversity of citizenship" and state facts suggesting the amount in controversy exceeds $75,000.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 20, 2023
         New York, New York

                    /s/ Laura Taylor Swain
                    LAURA TAYLOR SWAIN
                    Chief United States District Judge