UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERTRUDE KELLEY,

               Plaintiff,

-against-

WESTCHESTER COUNTY FAMILY COURT ARCHIVES OF CHILD/SPOUSAL SUPPORT RE: CHARLES H. KELLEY (DECEASED DEFENDANT), et al.,

               Defendants.

23-CV-7519 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

       By order dated November 20, 2023, the Court dismissed this action for lack of subject matter jurisdiction, with 30 days' leave to replead. On December 20, 2023, the Court granted Plaintiff's December 13, 2023 request for an extension of time to file her amended pleading. On January 22, 2024, the Court received a January 18, 2024 letter from Plaintiff, titled "Response to Your Letter Dated November 20, 2023/Dec. 18th 2023 and Westchester County Surrogate Court File #1300-03." (ECF 7.) Having reviewed this letter, the Court finds that it lacks subject matter jurisdiction of Plaintiff's state law claims and dismisses the action on this basis.[1] The Court directs the Clerk of Court to enter judgment.

## BACKGROUND

       Plaintiff, who is a New York resident, brings this action against the Westchester County Family Court ("Family Court"), regarding Family Court case file number F-879-67, and several New York Defendants. The underlying state court proceedings concern Plaintiff's attempts to

---

[1] Plaintiff did not file an amended complaint. The Court treats the original complaint as the operative pleading and her January 18, 2024 letter as a supplement to her complaint.

recoup spousal and child support from her now-deceased ex-husband, Defendant Charles H. Kelley.

In Plaintiff's January 18, 2024 letter, treated by the Court as a supplement to the complaint, Plaintiff references a Westchester County Surrogate Court file number, 1300-03, suggesting that a surrogate proceeding was filed in 2003. Plaintiff states, "Th[is] letter today should serve as my rebuttal to the Charles order sent." [2] (ECF 7, at 1.) She notes, "I am having a difficult time because most of the probate documents are not in my reach they are in boxes." (*Id.*) She also notes that her children "wrote Probate Court on behalf of me and I sent an 18-pg letter regarding the particulars of why I am needing my & my children's inheritance." (*Id.*) She refers this Court to the surrogate court file.

In its November 20, 2023 order, the Court granted Plaintiff leave to file an amended pleading to demonstrate that this Court has subject matter jurisdiction of a claim she seeks to assert in federal court, separate from her Family Court proceedings. Plaintiff's January 18, 2024 letter does not provide any basis for concluding that this Court has jurisdiction of any claim Plaintiff may be attempting to assert. Accordingly, the Court dismisses the action for lack of subject matter jurisdiction.

## FURTHER LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because

---

[2] The Court quotes from Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the original, unless noted otherwise.

the defects in Plaintiff's complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: March 18, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge